IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TAMMY THOMAS,

    Plaintiff,

v.                                           Case No.: 2:15-cv-02058-SHM-cgc

HICKORY HILL POST OFFICE,

    Defendant.

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket Entry "D.E." #2).[1] [2] For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED.

**I. Background**

This case arises from allegations of Defendant's failure to deliver packages. On January 6, 2015, Plaintiff filed her Complaint against Hickory Hill Post Office[3] in the Court of General

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C.§§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S. C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[2] Defendant does not specifically reference Rule 12(b)(1) in its motion; however, from the nature of the request, it appears to the Court that dismissal is sought pursuant to this Rule.

[3] Plaintiff named "Hickory Hill Post Office" as the Defendant; however, as Defendant notes in the instant motion, the correct legal entity to be named is the United States Postal Service

Sessions of Shelby County, Tennessee. (D.E. #1-2). On January 22, 2015, Defendant filed a Notice of Removal from State Court pursuant to 39 U.S.C. § 409(a) and 28 U.S.C. § 1442(a)(1). (D.E. #1).

Additionally on January 22, 2014, Defendant filed the instant Motion to Dismiss for Lack of Jurisdiction. (D.E. #2). Defendant asserts that this Court does not have jurisdiction over Plaintiff's Complaint because its sovereign immunity was never waived as to Plaintiff's cause of action and because Plaintiff failed to exhaust her administrative remedies. As an exhibit to the motion, Defendant has attached the Declaration of Kimberly A. Herbst as evidence that Plaintiff has not filed any claim administratively with the USPS. (D.E. #2-1).

Pursuant to Local Rule 12.1(b), a "party opposing a motion to dismiss must file a response within 28 days after the motion is served." Plaintiff did not file a response. On March 2, 2015, the Magistrate Judge issued an Order to Show Cause (D.E. #8), which provided Plaintiff ten days from the entry of the Order to file a response. The Order to Show Cause also advised Plaintiff that failure to file a response would be deemed good grounds to recommend that Defendant's Motion to Dismiss be granted. To date, Plaintiff has failed to file a response to either the Motion to Dismiss or the Order to Show Cause.

## II. Analysis

As a threshold matter, Plaintiff was advised by this Court in its Order to Show Cause that failure to respond to the instant motion would be deemed good cause to recommend that it be granted. As Plaintiff failed to file a response after the Court's admonition, this failure alone is sufficient to recommend that this motion be granted.

---

pursuant to 39 U.S.C § 401(1). Thus, it is recommended that the Court Clerk correct the named Defendant to United States Postal Service.

Further, upon consideration of the merits of the instant motion, the sole issue presented is whether this Court has subject matter jurisdiction over Plaintiff's claim. Federal courts are not courts of general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). They have only the power authorized by Article III of the Constitution and conferred by acts of Congress. *Id*. Jurisdiction is a prerequisite for a court ruling on the merits of a case. *Ex parte McCardle*, 74 U.S. 506, 514 (1869). The burden is on the party asserting jurisdiction to demonstrate that subject matter jurisdiction exists. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Under the doctrine of sovereign immunity, the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "Sovereign immunity is jurisdictional in nature," and, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *id*. at 587-88. A waiver of sovereign immunity must be unequivocally expressed in a federal statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The United States Congress, through the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq*., authorized the ability for the United States Postal Service "to sue and be sued." *Id*. § 401(1). Thereby, the PRA generally waives the immunity of the United States Postal Service. *Dolan v. United States Postal Service*, 546 U.S. 481, 484 (2006) (citing *Postal Service v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 741 (2004)). However, the PRA further provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). In addition to Section 401(1), the FTCA also authorizes the waiver of the United States' sovereign immunity for certain tort claims. 28 U.S.C. § 2674. Yet the FTCA has provided certain enumerated exceptions to the waiver of sovereign immunity. 28

U.S.C. § 2680. One exception is for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id*. § 2680(b); *see also Dolan*, 546 U.S. at 489 ("Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.").

Upon review, Plaintiff's claim is based upon her allegations that USPS failed to deliver packages. Such a claim clearly fits within the exception to the general waiver of sovereign immunity pursuant to Section 2680(b). Because sovereign immunity is jurisdictional in nature, it is recommended that this Court lacks jurisdiction over Plaintiff's Complaint and that Defendant's Motion to Dismiss for Lack of Jurisdiction be GRANTED.[4]

**III. Conclusion**

For the reasons set forth herein, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss for Lack of Jurisdiction (D.E. #2) be GRANTED.

**IT IS SO ORDERED** this 23rd day of April, 2015.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

---

[4] As the Magistrate Judge recommends that it lacks jurisdiction over Plaintiff's Complaint, the Magistrate Judge makes no additional recommendation as to Defendant's alternative argument that Plaintiff failed to exhaust her administrative remedies before filing suit.